**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| DOMINICK WILSON, ) | |
| ) | |
| Plaintiff, ) | Case No.: 24-cv-277 |
| ) | |
| v. ) | |
| ) | Honorable Matthew F. Kennelly |
| FRANCISCO GONZALEZ and THE ) | |
| CITY OF CHICAGO, ) | |
| ) | **JURY DEMANDED** |
| Defendants. ) | |

## COMPLAINT

NOW COMES Plaintiff DOMINICK WILSON, by and through his attorneys, ED FOX & ASSOCIATES, LTD., and complaining of Defendants FRANCISCO GONZALEZ and THE CITY OF CHICAGO, and states as follows:

### JURISDICTION AND VENUE

1. This action is based on the United States Constitution and the Civil Rights Act of 1871 (42 U.S.C. Section 1983).

2. Jurisdiction for this case is conferred upon this Court under 28 U.S.C. Sections 1343, 1331, and 1367.

3. The venue is founded in this Judicial Court upon 28 U.S.C. Section 1391, as the acts in question occurred within this district.

### PARTIES

4. At all times relevant, Plaintiff DOMINICK WILSON ("Plaintiff") was a citizen of the United States and was within the jurisdiction of this Court.

5. At all times relevant, Defendant FRANCISCO GONZALEZ, Star No. 16782 ("Defendant Gonzalez"), was a police officer in the Chicago Police Department.

6. THE CITY OF CHICAGO ("the City") is a political division of the State of Illinois and serves as the employer of Defendant Gonzalez. Defendant Gonzalez acted as a representative, employee, and/or agent of the City. Pursuant to the doctrine of *respondeat superior*, the City bears liability for all state law claims committed by their representatives, employee, and agents acting within that scope.

7. At all times relevant, Defendant Gonzalez acted under the color of law and within the scope of his employment. Defendant Gonzalez is being sued in his individual capacity.

## FACTUAL ALLEGATIONS

8. On or about July 27, 2023, Plaintiff was lawfully walking across a parking lot near Twenty-First Street and Damen Avenue in Chicago, Illinois.

9. Defendant Gonzalez abruptly stopped his vehicle, impeding Plaintiff's pathway.

10. There was no just cause to detain Plaintiff.

11. Defendant Gonzalez rolled down his window, flashed his police badge, and yelled at Plaintiff that he picked up cash that he dropped.

12. Plaintiff submitted to Defendant Gonzalez's assertion of authority.

13. There was no just cause to detain and/or continue detaining Plaintiff.

14. Plaintiff emptied his pockets to prove that he did not have Defendant Gonzalez's cash, but Defendant Gonzalez continued accusing him.

15. After Defendant Gonzalez's continued aggression toward Plaintiff, Plaintiff attempted to backpedal away from Defendant Gonzalez.

16. Defendant Gonzalez reached toward his waistband toward his firearm and asked Plaintiff, "Are you going to run?"

17. Plaintiff again stopped and submitted to Defendant Gonzalez's assertion of

authority.

18. There was no just cause to detain and/or continue detaining Plaintiff.

19. Eventually, additional Chicago Police Officers arrived at the scene.

20. The Chicago Police Officers investigated and concluded that Plaintiff did not pick up Defendant Gonzalez's cash.

21. Defendant Gonzalez left the scene.

22. Thereafter, the Chicago Police Officers allowed Plaintiff to leave the scene.

23. As a direct and proximate result of one or more of the above-mentioned actions and/or omissions by Defendant Gonzalez, Plaintiff suffered significant injuries, including but not limited to the loss of liberty, invasion of privacy, humiliation and indignities, and suffered great mental and emotional pain in an amount yet to be ascertained.

24. The actions and/or omissions mentioned above by Defendant Gonzalez were willful, wanton, malicious, oppressive, and done with reckless indifference and/or callous disregard for Plaintiff's rights and justify the awarding of exemplary and punitive damages in an amount to be ascertained according to proof at the time of trial.

25. Because of the actions and/or omissions mentioned above by Defendant Gonzalez, Plaintiff retained an attorney to institute, prosecute, and render legal assistance to him in the within action so that he might vindicate the loss and impairment of their rights. By reason thereof, Plaintiff requests payment by Defendants of a reasonable sum for attorney's fees under 42 U.S.C. Section 1988 or any other provision set by law.

## COUNT I
**False Arrest/Wrongful Pretrial Detention in Violation of the Fourth Amendment**

26. Plaintiff hereby incorporates and realleges paragraphs one (1) through twenty-five (25) hereof as though fully set forth at this place.

27. Defendant Gonzalez deprived Plaintiff of his rights, privileges, and immunities secured to him by the Fourth Amendment to the Constitution of the United States and laws enacted thereunder.

28. Defendant Gonzalez violated Plaintiff's Constitutional rights by detaining and/or continuing to detain him without just cause.

29. The foregoing was unnecessary, unreasonable, excessive, and therefore violated Plaintiff's rights.

30. As a result, Plaintiff was injured emotionally, financially, and otherwise from the loss of certain constitutionally protected liberty and related rights.

31. Therefore, Defendant Gonzalez is liable pursuant to 42 U.S.C. § 1983.

## COUNT II
### False Imprisonment/Arrest Claim

32. Plaintiff incorporates and realleges paragraphs one (1) through twenty-five (25) as though fully set forth at this place.

33. Defendant Gonzalez intentionally confined Plaintiff within fixed boundaries.

34. Defendant Gonzalez violated the law by causing Plaintiff to be falsely imprisoned/arrested.

35. Plaintiff's imprisonment/arrest was unnecessary and unreasonable.

36. Plaintiff suffered emotional and other damages from the unlawful acts of Defendant Gonzalez.

37. Therefore, the City is liable under the doctrine of *respondeat superior* for the state law claims of false imprisonment/arrest.

WHEREFORE, Plaintiff DOMINICK WILSON, by and through his attorneys, ED FOX & ASSOCIATES, LTD., request judgment as follows:

1. Defendants pay Plaintiff's general damages, including emotional distress, in a sum to be ascertained;

2. Defendants pay Plaintiff's special damages;

3. Defendants pay Plaintiff's attorneys' fees pursuant to Section 1988 of Title 42 of the United States Code or any other applicable provision;

4. Defendant Gonzalez to pay punitive and exemplary damages in a sum to be ascertained;

5. Defendants pay Plaintiff's costs of the suit herein incurred; and

6. Plaintiff have such other and further relief as this Court may deem just and proper.

BY: */s/ Peter T. Sadelski*
Peter T. Sadelski
ED FOX & ASSOCIATES, LTD.
Attorneys for Plaintiffs
118 North Clinton Street, Suite 425
Chicago, Illinois 60661
(312) 345-8877
psadelski@efoxlaw.com
*Attorney for Plaintiff*

**PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY**

BY: */s/ Peter T. Sadelski*
Peter T. Sadelski
ED FOX & ASSOCIATES, LTD.
Attorneys for Plaintiffs
118 North Clinton Street, Suite 425
Chicago, Illinois 60661
(312) 345-8877
psadelski@efoxlaw.com
*Attorney for Plaintiff*